IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NICHOLAS KNOPICK                                                                               PLAINTIFF

v.                                    Case No. 3:11-cv-03010

MICHAEL BREEDLOVE, JODI BREEDLOVE,
SHERIFF ROGER VICKERS,
DEPUTY SHERIFF GEORGE CALDERIA,
WILLIAM STAHLMAN, MARION COUNTY,
and CITY OF BULL SHOALS                                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Plaintiff's Motion to Lift Stay (Doc. 37) and Motion for Default Judgment as to Defendant Jodi Breedlove (Doc. 19). For reasons explained herein, the Motion to Lift Stay is **GRANTED**, while the Motion for Default Judgment is **DENIED**.

**I. Motion to Lift Stay**

The Complaint in this case was filed on February 7, 2011. Approximately five months later, on July 18, 2011, Defendants Michael and Jodi Breedlove filed for Chapter 7 bankruptcy, which resulted in an automatic stay of the instant proceedings, pursuant to 11 U.S.C. § 362. The Court has received notice from Plaintiff that on July 6, 2012, the U.S. Bankruptcy Court for the Western District of Arkansas issued an order granting relief from the automatic stay. Accordingly, the matters pending in the case at bar may proceed, and the administrative stay ordered by this Court on January 31, 2012, is now lifted. The Court will issue a new scheduling order, setting deadlines for the final disposition of this matter, including a new trial date.

**II. Motion for Default Judgment as to Defendant Jodi Breedlove**

Prior to the Breedloves' filing for bankruptcy and triggering the automatic stay of the instant

proceedings, Defendant Jodi Breedlove ("Mrs. Breedlove") was properly served with Plaintiff's Complaint and failed to file a timely answer. Her answer was due on or before May 9, 2011, pursuant to Fed. R. Civ. P. 12(a)(1). Her husband, Defendant Michael Breedlove ("Mr. Breedlove") had also failed to file a timely answer as to claims pending against him in his individual capacity. Mr. Breedlove had properly filed an Answer as to claims pending against him in his official capacity as an employee of Defendant City of Bull Shoals, Arkansas. *See* Doc. 9.

On July 5, 2011, Plaintiff filed a Motion for Default Judgment as to Mrs. Breedlove only. The Clerk of Court entered the default on July 7, 2011, pursuant to Fed. R. Civ. P. 55(a). Mrs. Breedlove's response to Plaintiff's Motion for Default Judgment would have been due on July 22, 2011, but prior to that date, on July 18, 2011, the Breedloves filed for bankruptcy and caused an automatic stay of the instant proceedings. This Court was not alerted as to the bankruptcy filing until January 25, 2012, and shortly thereafter terminated all pending deadlines in this case and ordered an administrative stay of this matter. According to 11 U.S.C. §362, when a debtor files a bankruptcy petition, "a congressionally mandated order is automatically entered by the court applicable to all entities which prevents the commencement or continuation . . . of any judicial proceeding against the debtor . . ." *Matter of Brock*, 58 B.R. 797, 803 (Bankr. S.D. Ohio 1986). The automatic stay of district court proceedings "goes into effect the moment a bankruptcy petition is filed." *In re Lowry*, 25 B.R. 52, 54 (Bankr. E.D. Mo. 1982). Therefore, the stay in the instant case went into effect as of July 18, 2011, the date the Breedloves' bankruptcy petition was filed, as opposed to the date that this Court entered its Order administratively staying proceedings.

On November 15, 2011, both Mr. and Mrs. Breedlove jointly filed an Answer to the Complaint, *pro se*, with Mr. Breedlove answering in his individual capacity only. Although the

Breedloves' Answer was due in May 2011, since the case was automatically stayed as of July 2011, and all deadlines were constructively tolled at that time, the delay in answering is not quite as egregious as it would appear. Furthermore, the Breedloves specifically stated that they filed their Answer ". . . only for the purpose of raising and giving notice that they do not wish to be considered in default of the Complaint . . ." (Doc. 31). Therefore, the Court will construe the Answer as both a response in opposition to Plaintiff's Motion for Default Judgment and as a separate motion to set aside the Clerk's entry of default as to Mrs. Breedlove.

According to Fed. R. Civ. P. 55(c) a court "may set aside an entry of default for good cause." Whether a default judgment will enter is a matter committed to the sound discretion of the court. *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977). Default judgment is warranted only when there are "willful violations of court rules, contumacious conduct, or intentional delays." *U.S. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). This is because, "[u]nder modern procedure, defaults are not favored by the law and any doubts usually will be resolved in favor of the defaulting party." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2681 (3d ed. 2009).

As an initial observation, the instant matter was effectively put on hold two months after Mrs. Breedlove's Answer was due. The Court finds that the late filing of her Answer did not substantially delay the progress of this action. Moreover, Plaintiff does not argue in his Motion for Default Judgment that he has suffered or will suffer prejudice or additional damage due to Plaintiff's delay in answering. It does not appear that Mrs. Breedlove's untimely Answer was filed in order to cause intentional delay; rather, it is more likely that simple inattention, in combination with a lack of legal representation, caused the delay in filing.

Further, Mrs. Breedlove's status as a *pro se* party is also a factor that the Court considers in excusing her dilatory conduct. *Pro se* pleadings are to be liberally construed by the courts. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Although "[i]n general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure," *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996), the particular disposition of the instant case, with its year-long administrative stay and the complication of the Breedloves' bankruptcy, establishes good cause to overlook Mrs. Breedlove's late Answer and set aside the Clerk's entry of default. The fact that Mrs. Breedlove actually answered the Complaint and is prepared to put forth a defense to this contested action weighs in favor of excusing her delay.

With respect to Mr. Breedlove in his individual capacity only, his Answer to the Complaint was also filed late and could potentially be subject to a default. The Court applies its reasoning and conclusion above to Mr. Breedlove and accordingly excuses his lateness in filing an Answer. Going forward, both Mr. and Mrs. Breedlove are cautioned to adhere to the Federal and Local Rules of practice with respect to making timely filings and obeying Court deadlines.

### III. Conclusion

Plaintiff's Motion to Lift Stay (Doc. 37) is **GRANTED**, and this case will be set for trial. Plaintiff's Motion for Default Judgment as to Defendant Jodi Breedlove (Doc. 19) is **DENIED**, and the Clerk's entry of default will be set aside. Good cause exists, pursuant to Fed. R. Civ. P. 55(c), to set aside the entry of default, due to Mrs. Breedlove's bankruptcy case staying the instant proceedings for the past year, and the fact that Mrs. Breedlove actually answered the Complaint and is now prepared to put forth a defense. Mr. Breedlove, who, in his individual capacity, joined in his

wife's late Answer, will not be considered in default for the same reasons given above with respect to Mrs. Breedlove. The Court cautions both Mr. and Mrs. Breedlove to file their pleadings, going forward, in a timely fashion.

    IT IS SO ORDERED this 12th day of September, 2012.

                              */s/ P. K. Holmes, III*
                              P.K. HOLMES, III
                              CHIEF U.S. DISTRICT JUDGE