IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NICHOLAS KNOPICK                                                                                    PLAINTIFF

v.                                            Case No. 3:11-cv-03010

MICHAEL BREEDLOVE; JODI BREEDLOVE;
SHERIFF ROGER VICKERS;
DEPUTY SHERIFF GEORGE CALDERIA; and
MARION COUNTY, ARKANSAS                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court are Defendants Michael and Jodi Breedlove's motion to dismiss (Doc. 73) and brief in support (Doc. 74) and Plaintiff Nicholas Knopick's response in opposition (Doc. 75). The Breedloves filed both an answer and motion to dismiss 43 days after the amended complaint was filed. The Court observes that although the motion appears to have been untimely filed pursuant to Federal Rule of Civil Procedure 12(b), the basis for the motion is that the Court lacks subject matter jurisdiction over the claim pending against the Breedloves. The Supreme Court has ruled that a party may object to a federal court's lack of subject matter jurisdiction "at any time in the same civil action." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004). Therefore, for the purpose of evaluating the motion to dismiss, the Court will disregard the issue of timeliness and evaluate the motion on the merits.

The Breedloves' sole argument in support of their motion to dismiss is that there is no proper basis for the Court's exercise of supplemental jurisdiction over the common-law claim of conversion asserted against them in this lawsuit. The amended complaint, filed on October 29, 2013, stated one federal cause of action against Sheriff Roger Vickers, Deputy Sheriff George Calderia, and Marion

County, Arkansas, for alleged violations of Knopick's constitutional rights arising under 42 U.S.C. § 1983, and one common-law cause of action for conversion against Michael and Jodi Breedlove. This Court has original jurisdiction over the § 1983 claim pursuant to 28 U.S.C. § 1331. The Court also has jurisdiction over the common-law claim pursuant to 28 U.S.C. § 1367(a), which states that a district court "*shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the Unites States Constitution." (emphasis added).

The word "shall" in the statutory language of § 1367(a) has been interpreted by the Eighth Circuit to mean that a district court's exercise of supplemental jurisdiction is mandatory in the absence of certain enumerated exceptions. See *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) ("[T]he accepted import of the term ["shall"] is that federal courts must accept and cannot reject jurisdiction in such cases."). The rule is that in a non-diversity case, a federal court may only decline to exercise supplemental jurisdiction over a pendent claim if "(1) it raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

In the case at bar, none of the four exceptions are present, as the conversion claim at issue does not present a novel or complex issue of law and does not predominate over the pending federal claim, and there are no other compelling reasons to decline jurisdiction. Moreover, this case is one of the oldest on the Court's docket, as it has been pending since February 7, 2011. The case was administratively stayed twice due to issues relating to the Breedloves' bankruptcy. In turn, the

administrative stays prompted the continuance of the trial date on three separate occasions. The current trial date is now April 28, 2014. Considering the extensive motions practice of the parties, the Court's familiarity with the legal and factual issues in this case, and the Breedloves' central role in the facts as described in the amended complaint, there is no justification for dismissing the Breedloves from the lawsuit at this late stage in the proceedings, and the interests of justice, efficiency, and judicial economy are best served by adjudicating all claims in this matter in a single trial setting. Defendants Michael and Jodi Breedlove's motion to dismiss (Doc. 73) is therefore **DENIED**.

      **IT IS SO ORDERED** this 2nd day of January, 2014.

                                                        /s/ P. K. Holmes, III
                                                        P.K. HOLMES, III
                                                        CHIEF U.S. DISTRICT JUDGE